# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH MOODY JR., :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 18-CV-1887
 :
MICHAEL BOLAND, :
    Defendant. :

## MEMORANDUM

SÁNCHEZ, J.                                                                                                    JUNE 22, 2018

Plaintiff Joseph Moody Jr., proceeding *pro se*, filed the instant civil action against Michael Boland pursuant to the Fair Debt Collection Practices Act ("FDCPA") based on allegations that Boland violated that statute in connection with foreclosure proceedings that are pending in the Philadelphia Court of Common Pleas. *See* 15 U.S.C. § 1692e. Moody also filed a Motion for Leave to Proceed *In Forma Pauperis*, and a Praecipe to attach various exhibits in support of his claims. (ECF Nos. 1, 4 & 5.) The Complaint and exhibits reflect that the defendants in the underlying mortgage foreclosure proceeding are Elbert T. Ferguson a/k/a Elbert Tyrone Ferguson and Enoch Azeez Aleem Bey, and that title to the property underlying the foreclosure case was transferred to the Enoch Azeez Aleem Bey Foundation Trust.

In a May 10, 2018 Order issued in the instant civil action, the Court noted that, although it was unclear, the Complaint suggested that Moody was bringing this case in his capacity as trustee for a trust. (ECF No. 6.) In that regard, the Court explained that:

> The Complaint identifies the Elbert Tyrone Ferguson Trust as the owner of property in Philadelphia underlying the claims in the Complaint. Additionally, on the signature block of the Complaint, Moody identifies himself as "Trustee" of the Enoch Azeez Aleem Bey Foundation Trust.

(*Id.* at 1 n.1.)

The Court informed Moody that, as a non-attorney, he could not represent a trust in federal court and that, in any event, trusts may not proceed *in forma pauperis*. The Order gave the Trust time to obtain counsel and pay the fees, but alternatively gave Moody an opportunity to clarify whether he was raising claims in his own capacity. In response to the Court's Order, Moody filed a Notice clarifying that he "is filing this action on his own behalf as a beneficiary of both Trusts." (ECF No. 7 at 1.) He adds that Boland is a "debt collector who is attempting to collect a debt from the Trusts and in doing so is attempting to injure the beneficiary Plaintiff." (*Id.*) For the following reasons, the Court will grant Moody leave to proceed *in forma pauperis* and dismiss the Complaint for lack of standing.

## I. FACTS

The Complaint alleges that Moody, as "Trustee for the Trust," is bringing FDCPA claims against Boland. (Compl. ECF No. 2 at 4.)[1] According to the Complaint, the Elbert Tyrone Ferguson Trust purchased property at 1331 South Paxon Street in Philadelphia for personal, family or household purposes. (*Id.* at 5, ¶ 4.) The Complaint alleges that in 2012, the Elbert Tyrone Ferguson Trust conveyed property "to Plaintiff" and that a deed filed on June 24, 2016 was recorded "showing the right title to the name of the Trust as Plaintiff." (*Id.* at 5 ¶¶ 5-6.) The exhibit to which the Complaint refers is a "Deed of Correction" between the Enoch Azeez Aleem Bey Foundation, Trust and itself for the property underlying this case, which indicates that the 2012 transfer of the property to Enoch Azeez Aleem Bey mistakenly omitted "Foundation, Trust" from the name. (Exhibit A, ECF No. 5 at 2-3.) Another exhibit filed by Moody titled "Affidavit in Support of Grantors Commercial Acknowledgment" states that the Enoch Azeez

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

2

Aleem Bey Foundation, Trust is a "foreign religious tribal pure trust organization existing since 04-10-2009 . . . ." (*Id.* at 7.) Moody is not mentioned anywhere in the document.

On July 12, 2016, the U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series 2014B initiated a mortgage foreclosure action in the Philadelphia Court of Common Pleas against Elbert Tyrone Ferguson and Enoch Azeez Aleem Bey. The Complaint in the instant civil action alleges that on January 30, 2017, the foreclosure action was "removed to the Consul Court of Lenapehoking Nation Region no. 1 for the District of Nanticoke County Lenapehoking Territory." (Compl. at 7.) An "order/decree" purportedly issued by "Thunder Cloud: Shem Malachi Bey" of the "Consul of the Lenapehoking Nation" claimed to accept the removal from the Court of Common Pleas. (Ex. E, ECF No. 5 at 26.)

Boland entered his appearance in the foreclosure action on March 24, 2017. On March 29, 2017, he sent a letter to Ferguson and Bey informing them that his law firm is a debt collector attempting to collect a debt, and that any information obtained from them will be used for that purpose. (Ex. C, ECF No 5 at 15-16.) On May 4, 2017, Boland filed a praecipe for entry of default judgment against Ferguson and Bey in the amount of $67,587.72 due to their failure to file an answer. Most recently, the foreclosure case was scheduled for a conciliation conference.[2] *See U.S. Bank N.S. v. Ferguson*, Case No. 160700901 (Phila. Ct. of Common Pleas).

The Complaint in the instant civil action alleges that Boland, an attorney for the plaintiff-bank in the mortgage foreclosure case, violated the FDCPA in connection with his efforts to collect on the mortgage debt related to the litigation. Specifically, the Complaint contends that Boland violated the FDCPA on approximately May 8, 2017 by filing the praecipe for entry of

---

[2] Moody also tried to remove the foreclosure case to this Court, but the matter was remanded because Moody, a non-party, lacked standing to file for removal. *See U.S. Bank Trust Nat'l Ass'n as Trustee of Am. Homeowner Preservation Trust Series 2014B v. Ferguson*, E.D. Pa. Civ. A. No. 18-2285 (June 5, 2018 Order, ECF No. 4).

3

default judgment and mailing notice of that filing. (Compl. at 9 & Ex B.) The notice and praecipe refer to Ferguson and Bey; Moody is not mentioned at all. The Complaint contends that the notice and praecipe misrepresent the amount of the debt and other items owed, and alleges that Boland improperly sought damages because mortgage foreclosure proceedings are *in rem*. The Complaint also alleges that Boland violated the FDCPA by failing to serve "Plaintiff"— presumably a reference to Moody— with the complaint in the foreclosure action. (Compl. at 7.) Moody seeks $8,000 in statutory damages and $67,587.72 in actual damages.

## II. STANDARD OF REVIEW

The Court will grant Moody leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, the Court is obligated to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam). Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam).

## III. DISCUSSION

Here, nothing in any of Moody's filings establishes that he has standing to pursue this case.

He alleges that he is bringing his claims as the beneficiary of a Trust, but the contours of that trust are not clear and the one document filed with the Court that arguably defines the trust bears no reference to Moody. (Exhibit A, ECF No. 5 at 7.) In light of the undefined nature of Moody's interest, "any alleged injury to that interest is too conjectural to confer standing upon him." *Marin*, 337 F. App'x at 219.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for lack of standing. Moody will be given an opportunity to file an amended complaint in the event he can establish standing to raise claims as a beneficiary of the Enoch Azeez Aleem Bey Foundation Trust. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, J.

6/20/19 mail
Moody