IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH MOODY JR.,
    Plaintiff,

v.

MICHAEL BOLAND,
    Defendant.

CIVIL ACTION NO. 18-CV-1887

FILED
JUL 30 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

SÁNCHEZ, J.                                                                                                                                            JULY 30, 2018

Plaintiff Joseph Moody Jr., proceeding *pro se*, filed the instant civil action against Michael Boland pursuant to the Fair Debt Collection Practices Act ("FDCPA") based on allegations that Boland violated that statute in connection with foreclosure proceedings that are pending in the Philadelphia Court of Common Pleas. *See* 15 U.S.C. § 1692e. It has been difficult for the Court to determine whether Moody has standing and/or authority to bring those claims because the underlying foreclosure proceedings involve a trust, and Moody's relationship to the trust is unclear. The Court has sought clarification from Moody on this issue and must now address his Amended Complaint and exhibits. As those filings do not establish that Moody has standing, the Court will dismiss this case.

### I. FACTS AND PROCEDURAL HISTORY

Moody initiated this civil action in May of 2018 by filing a Complaint, a Motion for Leave to Proceed *In Forma Pauperis*, and a Praecipe to attach various exhibits in support of his claims. (ECF Nos. 1, 2, 4 & 5.) The Complaint and exhibits reflected that the defendants in the underlying mortgage foreclosure proceeding are Elbert T. Ferguson a/k/a Elbert Tyrone Ferguson and Enoch Azeez Aleem Bey, and that title to the property underlying the foreclosure

case was transferred to the Enoch Azeez Aleem Bey Foundation Trust. The initial Complaint alleged that Moody was bringing FDCPA claims against Boland as "Trustee for the Trust." (Compl. ECF No. 2 at 4.)[1]

The Complaint reflected that the Elbert Tyrone Ferguson Trust purchased property at 1331 South Paxon Street in Philadelphia for personal, family or household purposes. (*Id.* at 5, ¶ 4.) In 2012, the Elbert Tyrone Ferguson Trust conveyed property "to Plaintiff" and a deed filed on June 24, 2016 was recorded "showing the right title to the name of the Trust as Plaintiff." (*Id.* at 5 ¶¶ 5-6.) The Complaint also referred to a "Deed of Correction" between the Enoch Azeez Aleem Bey Foundation, Trust and itself for the property underlying this case, which indicated that the 2012 transfer of the property to Enoch Azeez Aleem Bey mistakenly omitted "Foundation, Trust" from the name. (Exhibit A, ECF No. 5 at 2-3.) Another exhibit filed by Moody titled "Affidavit in Support of Grantors Commercial Acknowledgment" states that the Enoch Azeez Aleem Bey Foundation, Trust is a "foreign religious tribal pure trust organization existing since 04-10-2009 . . . ." (*Id.* at 7.) Moody was not mentioned anywhere in the document.

On July 12, 2016, the U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series 2014B initiated a mortgage foreclosure action in the Philadelphia Court of Common Pleas against Elbert Tyrone Ferguson and Enoch Azeez Aleem Bey. Moody's initial Complaint alleged that on January 30, 2017, the foreclosure action was "removed to the Consul Court of Lenapehoking Nation Region no. 1 for the District of Nanticoke County Lenapehoking Territory." (Compl. at 7.) An "order/decree" purportedly

---

[1] The Court adopts the pagination assigned to Moody's filings by the CM-ECF docketing system.

issued by "Thunder Cloud: Shem Malachi Bey" of the "Consul of the Lenapehoking Nation" claimed to accept the removal from the Court of Common Pleas. (Ex. E, ECF No. 5 at 26.)

Boland entered his appearance in the foreclosure action on March 24, 2017. On March 29, 2017, he sent a letter to Ferguson and Bey informing them that his law firm is a debt collector attempting to collect a debt, and that any information obtained from them will be used for that purpose. (Ex. C, ECF No 5 at 15-16.) On May 4, 2017, Boland filed a praecipe for entry of default judgment against Ferguson and Bey in the amount of $67,587.72 due to their failure to file an answer. The foreclosure case was recently scheduled for a conciliation conference.[2] *See U.S. Bank N.S. v. Ferguson*, Case No. 160700901 (Phila. Ct. of Common Pleas).

Moody's initial Complaint in the instant civil action alleged that Boland, an attorney for the plaintiff-bank in the mortgage foreclosure case, violated the FDCPA in connection with his efforts to collect on the mortgage debt related to the litigation. Specifically, the Complaint contended that Boland violated the FDCPA on approximately May 8, 2017 by filing the praecipe for entry of default judgment and mailing notice of that filing. (Compl. at 9 & Ex B.) The notice and praecipe referred to Ferguson and Bey; Moody was not mentioned at all. The Complaint contended that the notice and praecipe misrepresented the amount of the debt and other items owed, and alleged that Boland improperly sought damages because mortgage foreclosure proceedings are *in rem*. The Complaint also alleged that Boland violated the FDCPA by failing to serve "Plaintiff"—presumably a reference to Moody—with the complaint in the foreclosure action. (Compl. at 7.) Moody seeks $8,000 in statutory damages and $67,587.72 in actual damages.

---

[2] Moody also tried to remove the foreclosure case to this Court, but the matter was remanded because Moody, a non-party, lacked standing to file for removal. *See U.S. Bank Trust Nat'l Ass'n as Trustee of Am. Homeowner Preservation Trust Series 2014B v. Ferguson*, E.D. Pa. Civ. A. No. 18-2285 (June 5, 2018 Order, ECF No. 4).

3

In a May 10, 2018 Order, the Court noted that, although it was unclear, the Complaint suggested that Moody was bringing this case in his capacity as trustee for a trust. (ECF No. 6.) The Court informed Moody that, as a non-attorney, he could not represent a trust in federal court and that, in any event, trusts may not proceed *in forma pauperis*. The Order gave the Trust time to obtain counsel and pay the fees, but alternatively gave Moody an opportunity to clarify whether he was raising claims in his own capacity. In response to the Court's Order, Moody filed a Notice clarifying that he "is filing this action on his own behalf as a beneficiary of both Trusts." (ECF No. 7 at 1.) He added that Boland is a "debt collector who is attempting to collect a debt from the Trusts and in doing so is attempting to injure the beneficiary Plaintiff." (*Id.*)

In a June 22, 2018 Memorandum and Order, the Court granted Moody leave to proceed *in forma pauperis* and dismissed the Complaint for lack of standing. The Court explained that:

> [N]othing in any of Moody's filings establishes that he has standing to pursue this case. He alleges that he is bringing his claims as the beneficiary of a Trust, but the contours of that trust are not clear and the one document filed with the Court that arguably defines the trust bears no reference to Moody. (Exhibit A, ECF No. 5 at 7.) In light of the undefined nature of Moody's interest, "any alleged injury to that interest is too conjectural to confer standing upon him."

(June 22, 2018 Mem. ECF No. 8, at 4-5 (quoting *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam)). The Court gave Moody leave to file an Amended Complaint in the event he could cure the standing defect or otherwise clarify his ability to pursue the FDCPA claims.

In response, Moody filed an Amended Complaint and a "Pracipe to Attached," which includes exhibits related to his Amended Complaint. (ECF Nos. 10 & 11.) The Amended Complaint identifies Moody as a beneficiary of the Enoch Azeez Aleem Bey Foundation Trust. As with the initial Complaint, the Amended Complaint raises FDCPA claims against Boland for his role in foreclosure proceedings against the trust. Moody's substantive allegations are essentially the same as those in his initial Complaint with regard to the ownership of the

4

underlying property and the foreclosure proceedings. However, he adds allegations concerning Boland's filing of an affidavit of service in state court on May 3, 2018.

In a "Brief In Support of Plaintiff's Verified Claims" attached to the Amended Complaint, Moody alleges that he filed this case "on his own behalf as beneficiary of ENOCH AZEEZ ALEEM BEY FOUNDATION TRUST ("Trust")." (ECF No. 10 at 15.) The exhibits included in his praecipe include motions filed in the underlying foreclosure action. The exhibits also include a "Trust Certificate" that "certifies" Moody is "the holder of **49** Trust Certificate Units of **THE ENOCH AZEEZ ALEEM BEY FOUNDATION TRUST**." (ECF No. 11 at 35.) The certificate continues on as follows:

> The Trust Indenture of Enoch Azeez Aleem Bey Foundation, Trust created a Trust Organization managed and controlled by A Board of Trustees, who hold full legal title to all of the Trust Corpus, Including the right to income derived therefrom. The Indenture authorizes One Hundred (100) uniform units, evidenced by Trust Certificates, as full and adequate consideration for all property transferred in Trust at the Creation thereof. **This Certificate conveys no enforceable right to or interest in the trust assets, nor in the management or control thereof.** The HOLDER hereof is entitled to a proportional share of any distributions of income made by the BOARD, and is entitled to a proportional share Of the Trust assets remaining at the termination thereof. All transfers of the Certificates must be approved by the BOARD to be effective. Upon surrender of this Certificate, the BOARD shall have full authority to issue other Certificates pursuant to the terms of the Trust Indenture and Bylaws. Other limitations and restrictions are contained in the rust Indenture and Bylaws.

(*Id.* (emphasis added).)

## II. STANDARD OF REVIEW

As Moody is proceeding *in forma pauperis*, the Court is obligated to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a

5

plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam). Indeed, "[b]ecause standing is jurisdictional in nature, a court is required to raise questions of standing if not done so by the parties." *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam).

## III. DISCUSSION

Here, nothing in any of Moody's filings establishes that he has standing to pursue this case a beneficiary of the Trust. "To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact —an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin*, 337 F. App'x at 219 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The only document that appears to give Moody any interest in the Trust is the certificate, which clearly states that it "conveys no enforceable right to or interest in the trust assets, nor in the management or control thereof." (ECF No. 11 at 35.) Accordingly, it appears as though Moody lacks standing to pursue claims in connection with any interest he may have in the trust. To the extent Moody "is entitled to a proportional share of any distributions of income made by the BOARD, (*id.*), and is entitled to a proportional share Of the Trust assets remaining at the termination thereof," by virtue of the certificate, that interest is too conjectural to confer standing upon him to bring this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint for lack of standing. Moody will not be permitted to file a second amended complaint because the Court concludes that amendment would be futile. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SANCHEZ, J.